68 F.3d 476
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel J. ZEMBIAK, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-3082.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1995.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and COOK, District Judge.*
 
 ORDER
 
 2
 Daniel Zembiak appeals a district court judgment denying his applications for social security disability insurance benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Zembiak filed two applications for social security disability insurance benefits alleging that he suffered from a mental condition and pain. Following a hearing, an Administrative Law Judge (ALJ) determined that Zembiak was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Zembiak then filed a complaint seeking review of the Secretary's decision. The parties agreed to have the case tried before a magistrate judge. The magistrate judge affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Zembiak contends that he suffers from disabling pain and a severe mental impairment. However, there is simply no objective medical evidence in the record which establishes that Zembiak suffers from an impairment that is so severe as to produce disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Further, Dr. Greevich, a treating physician, stated on several occasions that Zembiak's mental impairment was not disabling.
 
 
 6
 Zembiak also contends that the hypothetical question to the vocational expert did not accurately reflect his conditions. The ALJ's hypothetical to the vocational expert was based on the testimony of the medical expert at the hearing. Thus, the hypothetical accurately portrayed Zembiak's medical condition. Finally, Zembiak's request for a remand is denied because the vocational expert's testimony does establish a substantial number of jobs which Zembiak can perform.
 
 
 7
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation